# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-3245

_____

Kadir Lengesso,                         *
                                        *
            Appellant,                  *
                                        *
     v.                                 *   Appeal from the United States
                                        *   District Court for the
Springfield State Prison Mental Health  *   District of South Dakota.
Service; SD State Prison, South Dakota  *
State Prison; Elmer Miller, Unit        *   [UNPUBLISHED]
Manager; Amy Berthelsen, Case           *
Manager; Doug Clark, Counselor, et al.; *
Mike Durfee, State Prison, Springfield, *
SD; Dick McCann, Unit Manager;          *
Diane Romkema, Unit Counselor;          *
Sioux Valley Hospital, Independent      *
Contractors; Tom Gilchrist,             *
                                        *
            Defendants.                 *

_____

Submitted: January 4, 2002
Filed: January 30, 2002

_____

Before McMILLIAN, MORRIS SHEPPARD ARNOLD, and BYE, Circuit Judges.

_____

PER CURIAM.

Kadir Lengesso, currently a Minnesota inmate, appeals the district court's pre-service dismissal of his 42 U.S.C. § 1983 action for failing to state a claim. Lengesso originally brought a complaint against South Dakota State Prison (SDSP) and its warden, Mike Durfee State Prison (MDSP) (fka Springfield State Prison) and its warden, and MDSP Mental Health Services (MHS). In his amended complaint, Lengesso named six individual defendants, alleging the following. Prior to his transfer to MDSP, he informed three SDSP staff members of his concern for his safety (fear for his life) because of problems he had with another inmate at MDSP. Upon his arrival at MDSP, he also informed three MDSP staff members of his concern for his safety. He alleged that his complaints were totally disregarded--other than his being directed to MHS where he was offered medication for his "paranoia"--and that he was assaulted by another inmate nine days after his transfer. For the reasons discussed below, we reverse and remand.

We review 28 U.S.C. § 1915A(b)(1) dismissals de novo. See Cooper v. Schriro, 189 F.3d 781, 783 (8th Cir. 1999) (per curiam). We conclude Lengesso stated an Eighth Amendment claim for failure to protect, as he alleged facts showing defendants knew of, yet disregarded, a serious risk to his safety. See Farmer v. Brennan, 511 U.S. 825, 834, 837 (1994). Construing his pro se complaint liberally, see Martin v. Sargent, 780 F.2d 1334, 1337 (8th Cir. 1985), and accepting the allegations as true, see Estate of Rosenberg v. Crandell, 56 F.3d 35, 36 (8th Cir. 1995), it appears that Lengesso informed defendants of the risk of assault by another inmate, that his requests for safety were completely ignored, and that he was then assaulted, see Webb v. Lawrence County, 144 F.3d 1131, 1135 (8th Cir. 1998) (Eighth Amendment imposes duty on part of prison officials to protect prisoners from violence at hands of other prisoners, because being subject to violent assaults is not part of penalty that criminal offenders pay for their offenses); Prater v. Dahm, 89 F.3d 538, 541 (8th Cir. 1996) (Eighth Amendment imposes duty on part of prison officials to protect prisoners from attacks; duty to protect requires only that prison officials take reasonable measures to abate substantial risks of serious harm of which they are

aware).  On remand, Lengesso should be permitted to proceed against the three named SDSP staff members and the three named MDSP staff members; the remaining defendants should be dismissed.

Accordingly, we reverse and remand for further proceedings consistent with this opinion.

MORRIS SHEPPARD ARNOLD, Circuit Judge, dissents.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.